COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      M.D.D. and R.R.D. v. Department of Family and Protective Services

Appellate case number:   01-12-00007-CV

Trial court case number:  2010-52475

Trial court:               310th District Court of Harris County, Texas

The special clerk's record filed with this Court reflects that appellants each had appointed attorneys ad litem, Douglas Ray York and Dan J. Spjut, in the trial court. The Texas Family Code provides that an attorney appointed to serve as an attorney ad litem for a parent or an alleged father continues to serve in that role until the suit is dismissed, appeals are exhausted, or the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause. TEX. FAM. CODE ANN. §107.016 (West Supp. 2011). The final judgment provides that the appointments made "do not conclude with the signing of this final judgment" and continue until "all appeals, if any, have concluded." However, the notice of appeal in this case was filed *pro se*, and no attorney has made an appearance in this appeal.

In addition, in a suit filed by a governmental entity in which termination of the parent-child relationship is requested, a parent who the court has determined is indigent for purposes of appointment of an attorney ad litem is presumed to remain indigent for the duration of the suit and subsequent appeal. TEX. FAM. CODE ANN. §107.013(e). Therefore, this Court requires a supplemental clerk's record containing all documents from the record below pertaining to any claim of indigence made by either appellant at any point in the proceeding, any ruling the trial court has made with respect to such claims, and all documents related to the appointment of the attorneys ad litem in this matter, including all requests for counsel and orders appointing counsel.

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which a representative of the Department of Family and Protective Services, appellants' attorneys ad litem, Douglas Ray York and Dan J. Spjut, and appellants shall be present in person.

If either appellant is incarcerated, they may appear by closed video teleconference.[1]  We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

(1) The Court shall determine whether appellants still wish to pursue this appeal; and if so,

(a) The Court shall determine

(i) whether appellants' attorneys ad litem, Douglas Ray York and Dan J. Spjut, have been relieved of their duties, and

(ii) if counsel have not been relieved of their duties, whether good cause exists to remove counsel; and

(b) Upon finding either (i) or (ii), that Douglas Ray York and Dan J. Spjut have been relieved of their duties or that good cause exists to relieve them of their duties, the trial court shall issue a written order appointing new appellate counsel; or

(c) If good cause does not exist to relieve one or both of appellants' attorneys at litem, Douglas Ray York and Dan J. Spjut, of their duties and counsel have not been relieved of their duties, the trial court shall determine why said counsel have failed to make an appearance in this appeal and shall direct counsel to make an appearance in this appeal, including filing a conforming notice of appeal on behalf of their client, within 10 days of the date of the hearing; and

(2) The trial court shall issue a written order directing the clerk to place all documents from the record below pertaining to any claim of indigence made by either appellant at any point in the proceeding, any ruling the trial court has made with respect to such claims, and all documents related to the appointment of the attorneys ad litem in this matter, including all requests for counsel and orders appointing counsel, in a supplemental clerk's record to be filed with this Court within 10 days after the date of the hearing.

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with this Court **no later than 30 days from the date of this order.** Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed with this Court **no later than 30 days from the date of this order.** *See* TEX. R. APP. P.  34.5(c).  If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when (1) the supplemental

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellants, and any attorneys representing the Department or appellants.  On request, appellants and their counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the Department.

clerk's record containing the trial court's findings and recommendations and any orders issued pursuant to the hearing, as well as all documents pertaining to indigence and the appointment of attorneys ad litem, and (2) the reporter's record of the hearing are filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Evelyn V. Keyes
☑ Acting individually    ☐ Acting for the Court


Date: August 2, 2012